IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Rose Gardner, | ) | C/A No.: 3:10-2181-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Foremost Insurance Co. and Harrelson-Penn Insurance Agency, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case is before the Court on defendant Harrelson-Penn's motion to dismiss under Fed. R. Civ. P 12(b)(6) for failure to state a claim against this defendant. This matter has been fully briefed, and the Court heard arguments at a November 1, 2010 hearing, where the Court took the matter under advisement. After reviewing the briefs and considering the arguments on this motion, the Court grants defendant Harrelson-Penn's motion to dismiss.

I.  **Facts and Procedural History**

This action stems from a dispute over insurance coverage. Plaintiff Rose Gardner purchased an insurance policy for a rental property through defendant Harrelson-Penn Insurance Agency, the underwriter. Defendant Foremost Insurance Company is the insurer of the policy. The house was damaged by an accidental fire, and Foremost agreed to cover the plaintiff's losses for the fire damage to the property and personal property and for the loss of rents.

The parties disagree over what is owed under the policy. Foremost has paid some

funds to cover the loss but has not paid the full amount to which the plaintiff claims she is entitled. The plaintiff filed suit in the Lexington County Court of Common Pleas on July 2, 2010 against Foremost Insurance Company and Harrelson-Penn Insurance Agency, Inc. alleging breach of contract and bad faith failure to pay. The plaintiff seeks full payment for her loss under the insurance policy, attorney's fees, and punitive damages. Defendant Foremost removed the action to this Court on August 19, 2010. On September 9, 2010, defendant Harrelson-Penn filed a motion to dismiss arguing that the plaintiff has failed to state a cause of action against it because the agency is not a party to the insurance contract.

## II. Legal Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to require "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __U.S.__, 129 S.Ct 1937, 1949 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct at 1949.

Pursuant to Iqbal and Twombly, this Court must undertake a two-prong approach in determining the sufficiency of plaintiff's complaint. First, bearing in mind that a court must accept as true all factual allegations in the complaint, this Court must segregate allegations that are factually supported and those which are mere legal conclusions and not entitled to

2

a presumption of truth. Iqbal, 129 S.Ct. at 1950. Second, this Court must determine whether the remaining factual allegations in the complaint state a plausible claim for relief, based on "judicial experience and common sense." Id.

### III. Law and Analysis

Defendant Harrelson-Penn argues that the plaintiff's complaint stems from dissatisfaction at the amount of coverage provided by Foremost, not from actions of the agency. The Complaint lumps the defendants together and does not allege any specific facts to show wrongdoing by the agency, either in procuring or representing the proper amount of the plaintiff's coverage.

When an insurance agent is paid to procure insurance coverage for someone, that agent is required to act in good faith and use reasonable skill, care, and diligence. Riddle-Duckworth, Inc. v. Sullivan, 171 S.E.2d 486, 490 (S.C. 1969). If the agent does not procure the insurance or if the policy "does not provide the coverage he undertook to supply, he is liable to his principle for the loss sustained thereby in the amount that would have been due under the insurance policy if it had been obtained and provided the desired coverage." Id. There have been no allegations that Harrelson-Penn failed to obtain an insurance policy or that the policy it obtained was deficient in some manner.

The plaintiff's complaint is simply that the insurer, Foremost, is required under the policy it issued to the plaintiff to pay what she contends is the full amount of her loss. The "duty of good faith arising under the contract does not extend to a person who is not a party

3

to the insurance contract." Charleston Dry Cleaners & Laundry, Inc. v. Zurich American Insurance Co., 586 S.E.2d 586, 588 (S.C. 2003)(finding that an independent insurance adjuster owes no duty of care to an insured). Harrelson-Penn did not contract to actually provide coverage and insure the property, so it is not a proper party in this coverage dispute.

## IV. Conclusion

Because the plaintiff has made no allegations specifically against Harrelson-Penn, it should be dismissed from this action without prejudice.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

November 2, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge